IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| Eric Deshawn Johnson,<br>    Petitioner, | )<br>)<br>) |
| v. | )    1:15cv1164 (CMH/JFA) |
| | ) |
| Bernard Booker,<br>    Respondent. | )<br>) |

## MEMORANDUM OPINION

Eric Deshawn Johnson, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his conviction of attempted first degree murder and other offenses entered on a negotiated plea of guilty in the Circuit Court for the City of Chesapeake. Before this Court is the respondent's Motion to Dismiss this petition.

### I. Background

On March 14, 2014, petitioner pleaded guilty to attempted first degree murder, attempted malicious wounding, two related counts of use of a firearm, shooting into an occupied vehicle, destruction of property, and communicating a threat. Case Nos. CR13-2467-00, -03, -04, -05, -08, -09, and -11. As part of the plea agreement, the Commonwealth *nolle prosequied* additional charges of attempted first degree murder, attempted malicious wounding, two related firearms counts, and destruction of property. Petitioner was sentenced to an aggregate of forty-three (43) years incarceration with thirty-three (33) years suspended, for a total active sentence of ten (10) years.

Petitioner noticed an appeal to the Court of Appeals of Virginia, raising the following claim:

> The trial court abused its discretion in sentencing appellant to ten (10) years of imprisonment, and failed to account adequately for mitigating circumstances and give due consideration to running appellant's sentences concurrently. (This issue was not preserved at sentencing. Therefore, appellant asked that this Court consider the issue under the 'ends of justice' exception to Supreme Court Rule 5:25 and Virginia Court of Appeals Rule 5A:18 ...)

The Court of Appeals denied the petition for appeal, finding as follows:

> "It is well settled that when the maximum punishment is prescribed by statute, 'and the sentence [imposed] does not exceed that maximum, the sentence will not be overturned as being an abuse of discretion.'" Valentine v. Commonwealth, 18 Va. App. 334, 339, 443 S.E.2d 445, 448 (1994) (quoting Abdo v. Commonwealth, 218 Va. 473, 479, 237 S.E. 2d 900, 903 (1997)).
>
> The sentences imposed by the trial judge were within the ranges set by the legislature. See Code §§ 18.2-53.1 and 18.2-154. It is within the trial court's purview to weigh any mitigating factors presented by appellant and to determine whether it is advisable to run sentences concurrently or consecutively. Accordingly, the judge did not abuse his discretion.

Johnson v. Commonwealth, R. No. 0692-14-1 (Va. Ct. App. Dec. 18, 2014). The Supreme Court of Virginia refused petitioner's application for further review. Johnson v. Commonwealth, R. No. 150105 (Va. Aug. 13, 2015).

Petitioner did not file a action for a state writ of habeas corpus. Instead, he turned to the federal forum and timely filed this application for relief pursuant to 28 U.S.C. § 2254, raising the following claims:

1. The trial court abused its discretion in sentencing him to 10 years active time and in not ordering that the sentences imposed on the two convictions for use of a firearm under Virginia Code § 18.2-53.1 be served concurrently.

2. The trial court inadequately considered several mitigating circumstances.

2

3. The trial court did not adequately evaluate the evidence of his learning disability, depression and bipolar condition.

4. The sentence of 10 years is disproportionate and contrary to the Eighth Amendment protection against cruel and unusual punishment.

5. Trial counsel did not adequately investigate his mental health history and did not effectively inform the trial court of his disability.

6. The General Assembly of Virginia has made laws to protect and examine a person with any mental health illness that comes within the criminal justice system and its courts to help and better understand the needs of the person.

Respondent has filed a Rule 5 Answer and a Motion to Dismiss the petition, along with the notice required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) and Local Rule 7(K). Dkt. No. 12 - 15. Petitioner has filed no reply. Accordingly, this matter is now ripe for disposition.

## II. Procedural Default

Before bringing a federal habeas petition, a state prisoner must first exhaust his claims in state court, and failure to exhaust a claim requires its dismissal by the federal court. See 28 U.S.C. § 2254(b); Rose v. Lundy, 455 U.S. 509, 515-19 (1982). To comply with the exhaustion requirement, a state prisoner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Thus, in Virginia, a § 2254 petitioner must first have presented the same factual and legal claims to the Supreme Court of Virginia either by way of a direct appeal, a state habeas corpus petition, or an appeal from a circuit court's denial of a state habeas petition. Matthews v. Evatt, 105 F.3d 907, 910-11 (4th Cir. 1997).

Claims 5 and 6 of this petition remain unexhausted, as they have never been presented to the Supreme Court of Florida. Moreover, both claims are now procedurally defaulted from federal review because they would be procedurally barred under state law if petitioner were to attempt to exhaust them now. Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000). In claim 5, petitioner alleges that he received ineffective assistance of counsel, and the time during which he could have raised such a claim in a state habeas corpus proceeding has expired. See Va. Code § 8.01-654(A) (habeas petition attacking criminal judgment or sentence must be filed within two years from the date of final judgment in the trial court or one year from either the final disposition of the direct appeal or the time for filing such an appeal has expired, whichever is later). Claim 6 concerns an issue that could have been raised at trial and it therefore became incapable of exhaustion once the direct appeal concluded. Slayton v. Parrigan, 215 Va. 27, 205 S.E.2d 680 (1974), cert. denied, 419 U.S. 1108 (1975). Petitioner filed no reply to respondent's invocation of the procedural bar defense, and thus has made no showing of cause and prejudice or a fundamental miscarriage of justice, such as actual innocence, as to either of his defaulted claims. Cf. Harris v. Reed, 489 U.S. 255, 262 (1989). Accordingly, claims 5 and 6 of this petition are procedurally barred from consideration on the merits.

### III. No Constitutional Claims

In claims 1 though 4, which were exhausted on direct appeal, petitioner argues in essence that the sentence he received is unduly harsh in the light of his mental health issues, and because in his view the two sentences for use of a firearm should have been ordered to run concurrently rather than consecutively. A federal writ of habeas corpus may issue only where a prisoner is "in custody in violation of the Constitution or laws or treaties of the United States." Title 28 U.S.C. § 2254(a); see Wright v. Angelone, 151 F.3d 151, 157 (4th Cir. 1998). Where a petitioner alleges

that a state court incorrectly applied state law, the claim fails to state a basis for federal habeas corpus relief. See Lawrence v. Branker, 517 F.3d 700, 717 (4th Cir. 2008); Wright, 151 F.3d at 159. A claim of error in a state court sentencing proceeding raises only issues of state law and thus is not cognizable in a § 2254 petition, even when the claim is "couched in terms of equal protection and due process." Branan v. Booth, 861 F.2d 1507 (11th Cir. 1988). Therefore, petitioner's claims that the sentencing court abused its discretion fail to state a basis for federal habeas corpus relief.

Even were that not so, it is apparent that petitioner's claims would fail on the merits. The opinion of the Court of Appeals of Virginia, quoted above, was the last reasoned state court decision on the claims, and its reasoning is imputed to the Supreme Court of Virginia, which refused further appeal without explanation. See Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991). Thus, even if petitioner's Claims 1 through 4 were a cognizable predicate for federal habeas relief, they would fail on the merits. See 28 U.S.C. § 2254(d).

### IV. Conclusion

For the foregoing reasons, respondent's Motion to Dismiss this petition will be granted, and the petition will be dismissed with prejudice. An appropriate Order and judgment shall issue.

Entered this 21st day of Oct 2016.

Alexandria, Virginia

Claude M. Hilton
USDJ

5